[Cite as *Ohio Apt. Assn. v. Levin,* 122 Ohio St.3d 1231, 2009-Ohio-3477.]

OHIO APARTMENT ASSOCIATION ET AL., APPELLANTS, *v.* LEVIN,

TAX COMMR., APPELLEE.

[Cite as *Ohio Apt. Assn. v. Levin,* 122 Ohio St.3d 1231, 2009-Ohio-3477.]

*Taxation — Real property — Ohio Adm.Code 5703-25-10 and 5703-25-18 —*

*Zangerle v. Evatt superseded by statute — Motion to dismiss denied.*

(No. 2009-0213 — Submitted June 2, 2009 — Decided July 22, 2009.)

APPEAL from the Board of Tax Appeals, No. 2006-A-861.

ON MOTION TO DISMISS.

_____

{¶ 1}  This cause is pending before the court as an appeal from a decision of the Board of Tax Appeals ("BTA") issued in a rule-review proceeding brought pursuant to R.C. 5703.14(C).  The appellants challenge the constitutionality of a classification of uses of real property set forth in Ohio Adm.Code 5703-25-18 and 5703-25-10.  In adopting that classification, those rules incorporate an amendment enacted by the General Assembly as part of comprehensive tax reform in 2005. Am.Sub.H.B. No. 66, 126th General Assembly.  Specifically, R.C. 319.302 as amended limits the ten percent property-tax reduction to property that is "not intended primarily for use in a business activity."  As they affect residential apartments, the statute and the administrative rules distinguish between properties improved with one- to three-family dwellings and properties improved with dwellings for four or more families:  the former enjoy the tax reduction, the latter do not.  The appellants allege that this distinction violates tax uniformity pursuant to Section 2, Article XII of the Ohio Constitution and/or the Ohio Constitution's equal protection guarantee at Section 2, Article I.

**{¶ 2}** The Tax Commissioner has filed a motion to dismiss, which raises four grounds for dismissing the appeal. We reject each contention and deny the motion.

**{¶ 3}** First, the commissioner relies on *Zangerle v. Evatt* (1942), 139 Ohio St. 563, 23 O.O. 52, 41 N.E.2d 369, to argue that the BTA's decision may not be appealed pursuant to R.C. 5717.04, because the BTA's rule review is quasi-*legislative* rather than quasi-*judicial* in character. We disagree. Although the commissioner correctly recites the holding of *Zangerle*, he ignores the amendments enacted by the General Assembly in 1976 that changed the nature of rule review. Am.Sub.H.B. No. 920, 136 Ohio Laws, Part II, 3182. H.B. 920 superseded the holding of *Zangerle* because that bill (1) made the BTA a separate state agency from the Tax Commissioner and the Department of Taxation, see former R.C. 5703.02, id. at 3215-3216; (2) removed the former duties of property-tax administration from the BTA, id. at 3215-3217, and vested them in a new Department of Tax Equalization, see former R.C. 5715.01 et seq., id. at 3251-3264; and (3) amended what is now R.C. 5703.14(C) to require that the party who challenges the rule show injury and bear the burden of proving the rule to be unreasonable. Id. at 3222. See *Roosevelt Properties Co. v. Kinney* (1984), 12 Ohio St.3d 7, 12 OBR 6, 465 N.E.2d 421 (entertaining an appeal from a BTA decision in a rule-review proceeding without objection from the state). Because *Zangerle* has been superseded by statute, it does not furnish grounds for dismissal.

**{¶ 4}** Second, the commissioner contends that a claimant may not use the rule-review proceeding at the BTA to challenge the constitutionality of a *statutory* classification, particularly where no other claim is presented. That contention is mistaken because an unconstitutional classification in an administrative rule makes that rule unreasonable. See *Roosevelt Properties*, 12 Ohio St.3d at 12-13, 12 OBR 6, 465 N.E.2d 421. We reject the commissioner's attempt to distinguish *Roosevelt Properties*, because we decline to endorse the

view that an administrative rule could be *constitutionally unreasonable* but still qualify as *reasonable for purposes of R.C. 5703.14(C)*.

{¶ 5} Third, the commissioner argues that a rule-review proceeding is not ripe until a statutory classification has already been declared unconstitutional. This contention is premised on the view that the constitutional issue itself may not properly be the subject of the rule-review proceeding. We have just decided the contrary, and that disposition forecloses the ripeness argument.

{¶ 6} Fourth, the commissioner urges that the notice of appeal to this court does not satisfy the standard for specifying constitutional error. See *Castle Aviation, Inc. v. Wilkins*, 109 Ohio St.3d 290, 2006-Ohio-2420, 847 N.E.2d 420, ¶ 33–41. We disagree. Unlike the notice in *Castle Aviation*, the notice of appeal in this case explicitly identifies Ohio Adm.Code 5703-25-18 and 5703-25-10 as the subject of its challenge and identifies the relevant provisions of the Ohio Constitution by citing the article and section. Moreover, Ohio Adm.Code 5703-25-18 explicitly sets forth the classification which is the subject of challenge under both the Uniformity and Equal Protection Clauses. We hold that the notice contains a sufficient specification of the uniformity claim, and accordingly there is no basis for dismissing the appeal for failure to specify error. Because the notice advances at least one cognizable claim, we need not decide at this time whether the scope of the appeal encompasses equal protection claims as well.

{¶ 7} For the reasons set forth, we deny the Tax Commissioner's motion to dismiss.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Calfee, Halter & Griswold, L.L.P., Mark I. Wallach, James F. Lang, and Laura C. McBride, for appellants.

Richard Cordray, Attorney General, and Lawrence D. Pratt and Alan P. Schwepe, Assistant Attorneys General, for appellee.

_____